*Holt, for appellant.*

---

HOGG & WIFE *v.* THURMAN, ETC.

**Real Actions—Title Back to Common Source.**

In an action to recover land it is not necessary for the plaintiff to show title back beyond the common source.

## APPEAL FROM HANCOCK CIRCUIT COURT.

### September 16, 1871.

OPINION BY JUDGE LINDSAY:

Appellees claim to be the owners of two undivided one-ninths of the one-hundred-acre tract of land in possession of appellants.

They claim to derive title from Mrs. Alice Jagers, deceased, and it is conceded that they and those under whom the claim are heirs at law of Mrs. Jagers.

Appellants derive title from Jacob Emmick, and from the evidence it appears that he acquired title by purchase from certain of the heirs of Mrs. Jagers.

The second amended petition charges that appellants were in possession of a tract of one hundred acres of land therein described.

This allegation is material; it was not denied and therefore stands admitted.

James Moran proves that appellants were in the possession of the Alice Jagers' land, and that he was informed by their ancester, Jacob Emmick, that he acquired possession and title by purchase from certain heirs.

He does not name them as heirs of Alice Jagers, but the connection in which he was speaking leaves no doubt that but that it was her heirs to whom he referred.

The evidence of Goldsby Lawson is to the same effect.

While it is not demonstrated by an actual survey that the boundaries and abuttals set out in the first amended petition embrace the Alice Jagers' land, the evidence strongly preponderates in favor of that conclusion.

We are of opinion, after a careful reading of the record, that both appellees and appellants claims title from a common source.

It was therefore unnecessary that appellees should show title except back to that source. This is conceded they have done.

Judgment affirmed.

*Williams, for appellant.*

*Bush, for appellees.*